BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Drinkhouse, | No. CV 05-3526-PHX-DGC (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

In this civil rights action brought by a *pro se* inmate, Defendant has moved to dismiss (Doc. #7) for lack of exhaustion and for Summary Disposition (Doc. #12). Plaintiff has failed to respond. The Court will grant Defendant's motions.

**A.   Background**

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, against Joseph M. Arpaio, alleging that his constitutional rights were violated by (1) an inadequate diet, (2) deliberate indifference to his medical needs, and (3) overcrowding (Doc. #1). This Court ordered Arpaio to answer Plaintiff's claims regarding diet and overcrowding, and dismissed without prejudice Plaintiff's claim of deliberate indifference to his medical needs (Doc. #4). Defendant Arpaio subsequently filed a Motion to Dismiss, arguing that Plaintiff failed to exhaust his administrative remedies (Doc. # 7).[1] Attached to the Motion were (1) a copy of

---

[1] Defendant incorrectly argues that "when a prison states multiple claims, and fails to exhaust only one claim, the complaint should be dismissed in its entirety" (Doc. #7 at 2). See Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005), petition for cert. filed, No. 05-878 (Jan. 6, 2006). However, because Plaintiff's Complaint does not contain any unexhausted claims, this misstatement is immaterial.

Plaintiff's Complaint, (2) an affidavit by Zalean Tademy, Maricopa County Sheriff's Office Hearing Officer for inmate discipline and grievances, (3) Maricopa County Inmate Grievance Procedure, and (4) examples of grievances filed by other inmates (Doc. #7). Plaintiff failed to reply, and Defendant subsequently filed a Motion for Summary Disposition, requesting that the action be dismissed pursuant to Federal Rules of Civil Procedure Rule 41(b) (Doc. #12).

**B.     Failure to Respond**

Local Rule of Civil Procedure 83.3(d) provides that a Plaintiff must file and serve a notice of change of address 10 days before his move is effective. Additionally, in the instructions for a prisoner filing a civil rights complaint, the notice of assignment, and the service order, Plaintiff repeatedly was notified that he must inform this Court of any change of address (Docs. ## 2, 4).

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so). Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the . . . granting of the motion." (Doc. #9) Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss. Moreover, mail sent to Plaintiff has been returned as undeliverable. (Doc. #10, 11) Accordingly, Plaintiff's failure to respond to the Motion to Dismiss may be construed as a consent to the granting of it. Alternatively, because Plaintiff has failed to notify this Court

of his change of address, his action may be dismissed pursuant to Rule 41(b). However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

**C.     Legal Standard on Motion to Dismiss**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).

"The defendants have the burden of raising and proving a prisoner's failure to exhaust under the PLRA." Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). "A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies." Id. at 1120. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), petition for cert. filed, No. 05-878 (Jan. 6, 2006).

**D.     Analysis**

According to the documents attached to the Motion to Dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision

1  to the jail commander, whose decision may be appealed to an External Referee. The External
2  Referee's decision is final. Tademy attested that (1) the detention officers pass out grievance
3  forms as part of their daily shift duties, (2) grievances are not ignored, and (3) Plaintiff has
4  filed grievances on matters not at issue in the instant action, and has not filed any external
5  appeals (Doc. #7, exh. 1)

6  Defendant has demonstrated that there exists a grievance system which was made
7  available to the Plaintiff. However, Plaintiff, failing to respond to the Motion to Dismiss, has
8  presented nothing to support a conclusion that he availed himself of that system. In his
9  Complaint, Plaintiff states that they "do not do anything about policies," "they only do what
10 policies say," and they cannot "do anything about population of jail." However, Plaintiff
11 does not indicate that he was "reliably informed" that there were no available remedies.
12 Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Accordingly, based on the evidence
13 before this Court, Plaintiff failed to exhausted his administrative remedies, and Defendant's
14 Motions to Dismiss and for Summary Disposition will be granted.

15 **IT IS ORDERED** that Defendant's Motions to Dismiss (Doc. #7) and for Summary
16 Disposition (Doc. #12) are **granted**. Plaintiff's action is dismissed without prejudice for lack
17 of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

18 DATED this 19th day of June, 2006.

David G. Campbell
United States District Judge